UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

    -v-                                              CASE NO. 5:16-CR-0340 (NAM)

                                                      **Time Previously Excluded:**
                                                      **December 16, 2016-March 15, 2017**

CLIF J. SEAWAY,

                    Defendant.
_____

## MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

DATED:      March 3, 2017
                Syracuse, New York

                                        Respectfully submitted,

                                        LISA A. PEEBLES
                                        Federal Public Defender

                            By:    Randi J. Bianco, Esq.
                                        Assistant Federal Public Defender
                                        Bar Roll No. 507514
                                        4 Clinton Square, 3rd Floor
                                        Syracuse, New York 13202
                                        (315)701-0080

**PRELIMINARY STATEMENT**

The evidence in the case against the defendant, Clif Seaway ("Mr. Seaway"), stems from a search warrant that was issued without probable cause. In addition, Mr. Seaway's own statement to police was involuntary. Accordingly, Mr. Seaway now moves to suppress all physical evidence and statements in this case or, in the alternative, for an evidentiary hearing. He submits this memorandum of law in support of that motion.

**BACKGROUND**

On September 24, 2015, William B. Raymond III, who was then thirty-five years old and the father of seven children between the ages of seven and sixteen, was arrested and charged with twice raping a thirteen-year-old girl. (Exhibits A, D.) He has referred to the thirteen-year-old victim as his "girlfriend." (Exhibit D.) After his arrest, he was held without bail at the Onondaga County Justice Center. (Exhibit A.)

On January 14, 2016, while still at the Justice Center, Raymond gave a statement to Investigator Miller. (Exhibit D.) Raymond told Investigator Miller that Mr. Seaway, who is his uncle, possessed child pornography. *Id*. Raymond also told Investigator Miller that Mr. Seaway told him he had taken a video and pictures of a child "about 5 or 6 years ago" when he was living in Indian Hill trailer park. *Id*.

Over a month later, based entirely on Raymond's statement and a one-phone-call inquiry into Mr. Seaway's criminal history, Investigator Michael R. Eckler of the New York State Police applied for a search warrant authorizing a search of Mr. Seaway's home and computers. (Ex. C at 7.) Investigator Eckler's application did not contain any description of any attempts to

1

corroborate any of the information that Raymond had provided. The warrant was issued the same day, February 18, 2016. (Ex. B.)

The search warrant was executed on February 24, 2016. (Ex. E.) All of the evidence in the case against Mr. Seaway, including his own statement to the police, stems from that warrant.

Mr. Seaway gave a statement to police on February 24, 2016. (Ex. E.) The written statement came as a result of a detention that lasted many hours, during which time Mr. Seaway was visibly physically ill.

Mr. Seaway was charged by complaint on March 2, 2016, with violating 18 U.S.C. § 2251(a) (sexual exploitation of a minor). (Dkt. No. 1.) He was indicted on November 17, 2016. (Dkt. No. 17.) The indictment charges him with one count of conspiracy to sexually exploit a child and six counts of sexual exploitation of a child. *Id*. Trial is scheduled for May 1, 2017. (Dkt. No. 26.)

## ARGUMENT

**I.   The Search Warrant Was Not Supported by Probable Cause Because the Face of the Application Showed That Raymond Was Unreliable and That No Effort Had Been Made to Corroborate the Information He Provided.**

The Fourth Amendment prohibits "unreasonable searches" by the government. U.S. CONST. amend. IV; *United States v. Jacobsen*, 466 U.S. 109, 113 (1984). To be valid under the Fourth Amendment, a search warrant must (1) be based on probable cause, (2) be supported by oath or affirmation, (3) describe with particularity the place to be searched, and (4) describe with particularity the things to be seized. *Groh v. Ramirez,* 540 U.S. 551, 557 (2004).

Probable cause for a search exists "where the known facts and circumstances are sufficient to warrant a [person] of reasonable prudence in the belief that contraband or evidence of a crime will be found." *Ornelas v. United States,* 517 U.S. 690, 696 (1996).

Where the information needed to supply probable cause comes from an informant, the court must consider the totality of the circumstances, including, but not limited to, "an informant's veracity, reliability and basis of knowledge, and the extent to which an informant's statements—even statements about a suspect's innocent activities—are independently corroborated." *United States v. Gagnon*, 373 F.3d 230, 236 (2d Cir. 2004).

Here, all of the information needed to supply probable cause for the warrant for the search of Mr. Seaway's home came from Raymond. Nothing in the warrant application, however, provided the issuing magistrate with any reason to trust Raymond's veracity or reliability. Indeed, the face of the warrant application showed that Raymond's word should not be trusted. At the time he gave his statement about Mr. Seaway, Raymond was in jail on very serious charges. His very presence in jail facing charges lessens the reliability of his statement because, as the Second Circuit has noted, an informer who is a criminal is less reliable than an innocent bystander with no apparent motive to falsify. *Gagnon*, 373 F.3d at 236. In addition, Raymond, by his own admission, had saved pictures of ex-girlfriends on Mr. Seaway's computer. (Ex. D.) He had every motive in the world to try to place blame on someone else for any images discovered on that computer.

Further, nothing in the warrant application indicates that any effort at all was made to independently corroborate Raymond's statements. There is nothing in the warrant application indicating that officers undertook any investigation at all in the month that elapsed between Raymond's statement and the date of the application. Officers could have, for instance, driven by

3

Mr. Seaway's property and observed whether there was, indeed, an old school bus. They could have run a records search to determine whether Mr. Seaway had ever lived at the Indian Hill trailer park. They could have sought statements from the complainants in Mr. Seaway's previous arrests to see if their recollections supported Raymond's descriptions of Mr. Seaway's activities. The warrant application does not indicate that officers did any of these things.

In sum, the warrant application was based entirely on the word of man with no reason to tell the truth. Such information is insufficient to provide probable cause. The warrant, accordingly, was not supported by probable cause. The defense, therefore, requests that the Court suppress all of the evidence acquired as a result of the warrant or, in the alternative, conduct an evidentiary hearing regarding the issue.

**II.     Mr. Seaway is Not Required to File an Affidavit in Support of this Motion Because None of the Pertinent Facts Are Within His Personal Knowledge as Contemplated By Local Rule 12.1(e).**

The government may argue that Mr. Seaway is not entitled to an evidentiary hearing because he has not filed an affidavit in support of this motion. In order to receive an evidentiary hearing, a defendant must make a preliminary showing of facts which, if proved, would require the granting of relief. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992). Often motions to suppress are based on issues regarding consent or other matters within the personal knowledge of the defendant. *See, e.g., United States v. Miller*, 382 F. Supp. 2d 350, 362 (N.D.N.Y. 2005) (In the defendant's affidavit "[h]e denied running the red light [and] stated that initial police questioning was conducted pre-*Miranda*, that he did not consent to a vehicle search, and that he did not own the coat or items seized from the safe.")  In this case, however, the relevant facts are *not* within the personal knowledge of Mr. Seaway or of any individual from whom the defense

could obtain an affidavit. Therefore, the absence of an affidavit from Mr. Seaway does not mean that the defense is not entitled to an evidentiary hearing. If the Court finds that information from Mr. Seaway is required, the defense will gladly provide an affidavit along with its reply papers.

### III. Suppression of All of the Physical Evidence and Statements is the Appropriate Remedy.

"To give effect to the Fourth Amendment's guarantee against unreasonable searches and seizures, and to deter illegal police conduct, the Court must apply the exclusionary rule and suppress any evidence unconstitutionally obtained. *See Nix v. Williams,* 467 U.S. 431, 442–43, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); *Weeks v. United States,* 232 U.S. 383, 398, 34 S.Ct. 341, 58 L.Ed. 652 (1914) . . . . The Supreme Court's fruit-of-the-poisonous-tree doctrine also bars the use of evidence obtained either during or as a direct result of an unlawful invasion. *See Wong Sun v. United States,* 371 U.S. 471, 488, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)." *United States v. Couch*, 378 F. Supp. 2d 50, 62 (N.D.N.Y. 2005). Here, all of the evidence against Mr. Seaway, including his statement to police, was acquired as a result of a warrant unsupported by probable cause. Therefore, the defense requests that the Court suppress all of the evidence.

### IV. The Court Should Suppress Evidence of Mr. Seaway's Statement Because It Was Not Voluntary

All confessions must be voluntary. Involuntary confessions violate due process and implicate the Fifth Amendment privilege against self-incrimination. *Brown v. Mississippi*, 297 U.S. 278, 286 (1936); *Miranda v. Arizona*, 384 U.S. 436, 460-63 (1966). In determining whether a confession was involuntary, a court looks at the totality of the circumstances, including (1) the characteristics of the accused; (2) the conditions of the interrogation; and (3) the conduct of law enforcement officials. *Green v. Scully*, 850 F.2d 894, 901-02 (2d Cir. 1988). A defendant challenging the voluntariness of a confession has the right to "a fair hearing and a reliable

determination on the issue of voluntariness." *Jackson v. Denno*, 378 U.S. 368, 377 (1964). The inquiry is particularly fact-intensive where a defendant alleges that police coerced a confession by improperly taking advantage of his weakened physical condition.

Here, the interrogation of Mr. Seaway lasted for up to eight hours. In the video of the interrogation, he is visibly and audibly hacking, coughing, and weakened. Therefore, Mr. Seaway requests a hearing on the voluntariness of his confession.

## CONCLUSION

For the reasons discussed above, the defense requests that the Court suppress all physical evidence and statements in this case. In the alternative, the defense requests an evidentiary hearing.

DATED:      March 3, 2017                    LISA A. PEEBLES
                                             Federal Public Defender

                                      By:    */s/*
                                             Randi J. Bianco, Esq.
                                             Assistant Federal Public Defender
                                             Clinton Exchange, 3rd Floor
                                             4 Clinton Square
                                             Syracuse, New York   13202
                                             (315) 701-0080


TO:   Lisa Fletcher, Esq., AUSA (via ECF)
      Clif J. Seaway, Cayuga County Jail (via mail)